**IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI
ASSOCIATE DIVISION**

| | |
|---|---|
| DANIELLE BOOTHBY-LESKY,<br><br>Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>Serve at:<br>C T Corporation System<br>208 S La Salle St., Ste. 814<br>Chicago, IL 60604<br><br>Defendant. | Cause No<br><br>Division<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW Danielle Boothby-Lesky ("Plaintiff"), by and through her undersigned counsel, and for her petition states as follows:

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

1

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is also proper in the City of St. Louis, Missouri for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the debt arose from an alleged bill Plaintiff owed to Charter Communications. Plaintiff's name at the time the alleged debt was incurred was Danielle Lockhart.

6. Plaintiff has a bona-fide dispute regarding the debt. While Plaintiff did purchase consumer goods and services on her Charter Communications account, the balance alleged is not accurate to the best of Plaintiff's understanding as it overstates any amount that could be due or owing to Defendant because the debt is a fabricated sum due for allegedly unreturned equipment belonging to Charter. In reality, all equipment was returned and there was never any balance due to begin with and Defendant has always known this to be the case.

7. Even if Plaintiff did owe the debt, this debt would have been discharged in Plaintiff's Chapter 7 Bankruptcy. Plaintiff filed the case in the United States Bankruptcy Court for the Eastern District of Missouri (No. 18-46545) in October of 2018, listed the subject debt on the appropriate schedules such that the Bankruptcy Trustee and the Court were fully aware of the

alleged debt, and received her discharge in January of 2019. Plaintiff received a "Report of No Distribution" and her bankruptcy was therefore an "assetless 7." Thus, by operation of local rule, the subject unsecured debt was discharged, whether it was listed in the bankruptcy or not, effective January of 2019. Defendant utilizes bankruptcy scrubbing software to scan every debt and every debtor, and Defendant has always known this to be the case. At this point, there is simply no question that there is no debt.

8. Defendant I.C. System, Inc. ("Defendant") is a foreign corporation with its principal place of business outside of Missouri.

9. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by both of the FDCPA's guidelines for what constitutes a debt collector. 15 U.S.C. § 1692a(6).

**FACTS**

11. Plaintiff has been represented by an attorney with respect to the debt ever since she filed for bankruptcy; this is a matter of public record, and there was never any indication provided to Defendant that Plaintiff's attorney had stepped down.

12. In October of 2020, when she was attempting to obtain credit for a consumer purchase, Plaintiff noticed Defendant was credit reporting on the alleged debt from Charter Communications.

3

Electronically Filed - City of St. Louis - November 04, 2020 - 11:17 AM

13. Defendant had been credit reporting on the alleged debt since July of 2020, negatively impacting Plaintiff's credit score.

14. Plaintiff, shortly after noticing Defendant's credit reporting, called Defendant in October of 2020 to dispute the debt by informing them the debt had been discharged and to remind Defendant of her attorney representation.

15. Plaintiff informed Defendant during the call of her Chapter 7 Bankruptcy case number and discharge date.

16. Despite being informed that the debt had been discharged, Defendant failed and refused, and continues to fail and refuse, to remove the debt from Plaintiff's credit report.

17. Defendant knew or should have known about Plaintiff's bankruptcy discharge at least by the time it "investigated" Plaintiff's dispute.

18. Defendant's continued collection activity violates the Bankruptcy Court's discharge order.

19. During the phone call, Plaintiff also notified Defendant of her attorney representation on the alleged debt.

20. Despite being informed of Plaintiff's attorney representation, Defendant continues to attempt to contact Plaintiff via telephone in an effort to harass Plaintiff into paying the debt.

21. Defendant's above-described conduct has caused Plaintiff to incur actual damages including, but not limited to: attorneys' fees, harassment, an artificially depressed credit rating, missed financial opportunities, anxiety, frustration, and worry.

22. Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

    a. Plaintiff has been deprived of her statutorily created right, as per the FDCPA, to truthful information about the debt, about the amount of the debt, and about the debt's viability post-bankruptcy;

    b. Plaintiff has been deprived her statutorily created right, as per the FDCPA, to cessation of collection activity directed at Plaintiff upon provision of information to Defendant that she is represented by counsel.

    c. Plaintiff has been deprived of the benefit of her discharge injunction.

23. The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant made the violative communications directly with Plaintiff during the phone calls referenced in this suit.

24. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

25. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a. Falsely representing the character, amount, or legal status of the alleged debt and the amount of the debt. 15 U.S.C. § 1692e; and

5

b.      Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including, but not limited to, providing materially false information to Plaintiff about the debt and collecting a debt that was discharged in bankruptcy. 15 U.S.C. § 1692d-f; and

c.      Continuing to communicate with Plaintiff about the debt when Defendant knew that Plaintiff had retained counsel on the debt.  15 U.S.C. § 1692c.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages in an amount to be determined by the jury;

C.      Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.      For such other relief as the Court may deem just and proper.


Respectfully submitted,

**ROSS & VOYTAS, LLC**


 By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com

Electronically Filed - City of St. Louis - November 04, 2020 - 11:17 AM

        12444 Powerscourt Drive, Ste 370
        St. Louis, MO 63131
        Phone: (314) 394-0605
        Fax:    (636) 333-1212

Attorney for Plaintiff

2022-AC10188

Electronically Filed - City of St. Louis - November 04, 2020 - 11:17 AM

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**

DANIELLE BOOTHBY-LESKY
Plaintiff/Petitioner

vs.

I.C. SYSTEM, INC.
Defendant/Respondent

November 4, 2020
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff_____, pursuant
              Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Michael A. Jones | 4101 S. Halsted St., Ste. 9191 | 7737766610 |
|---|---|---|
| Name of Process Server | Address | Telephone |
|  | Chicago, IL 60609 |  |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
C T Corp. System - Rgt. Agent for I.C. System
Name
208 S La Salle St., Ste. 814
Address
Chicago, IL 60604
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
       Deputy Clerk

_____
Date

/s/ Richard A. Voytas, Jr.
Attorney/Plaintiff/Petitioner
52046
Bar No.
12444 Powerscourt Dr., Ste 370, St. Louis, MO
Address
3143940605
Phone No.

Electronically Filed - City of St. Louis - November 04, 2020 - 11:17 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - November 04, 2020 - 11:17 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

    a. Misrepresentation of duty or authority;

    b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

    c. Improper use of the license;

    d. Making a false return; or

    e. Any other good cause.

    Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

2022-AC10188

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**

DANIELLE BOOTHBY-LESKY
Plaintiff/Petitioner

vs.

I.C. SYSTEM, INC.
Defendant/Respondent

November 4, 2020
Date

Case number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff _____, pursuant
                Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Michael A. Jones | 4101 S. Halsted St., Ste. 9191 | 7737766610 |
|---|---|---|
| Name of Process Server | Address | Telephone |
|  | Chicago, IL 60609 |  |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
C T Corp. System - Rgt. Agent for I.C. System
Name
208 S La Salle St., Ste. 814
Address
Chicago, IL 60604
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By _DD_
Deputy Clerk
11-4-20
Date

/s/ Richard A. Voytas, Jr.
Attorney/Plaintiff/Petitioner
52046
Bar No.
12444 Powerscourt Dr., Ste 370, St. Louis, MO
Address
3143940605
Phone No.



**SPECIAL PROCESS SERVER**

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>NICOLE JEAN COLBERT BOTCHWAY | Case Number: 2022-AC10188 | Special Process Server 1<br><br>M A JONES |
|---|---|---|
| Plaintiff/Petitioner:<br>DANIELLE BOOTHBY-LESKY<br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO 63131<br>(314) 394-0605 | Special Process Server 2 |
| Defendant/Respondent:<br>I.C. SYSTEM, INC. | | Special Process Server 3 |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>09-DEC-2020 09:30 AM<br>Division 28<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at http://www.stlcitycircuitcourt.com/ | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:   I.C. SYSTEM, INC.
                                                Alias:
208 S LA SALLE ST., SUITE 814
CHICAGO, IL  60604

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court physically if the court is open to the public or virtually if not on the date, time and location above, to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.**Due to COVID19 challenges, virtual appearances by Webex.com are required until further order of this Court. **
If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

November 4, 2020
Date

Further Information:

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state)
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to: _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address) in _____ County,
_____ (state) on this _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

OSCA (07-18) SM70 (ASOS) *For Court Use Only:* Document ID# 20-ASOS-535     1 of 2     (2022-AC10188)     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510, 517.041 RSMo



## Information For Virtual Appearances via Webex Associate Circuit Civil Cases – Page 1

During the Coronavirus pandemic ( COVID-19) , **the 22st Judicial Circuit (St. Louis City)** has remained open and operational with limited access for in-person appearances pursuant to Missouri Supreme Court Orders and Operational Directives.  Until further court order, all associate civil cases pending in **Divisions 28** will be conducted virtually via the **Webex** or other court approved video technology.

In order to participate through **Webex** or other court approved video technology, you **MUST** have a valid email address or access to a phone.

You may appear in one of three ways:

1. Attend by **Webex** or other court approved video technology (computer or smart phone);
2. Attend by **Webex** or other court approved audio technology (telephone);
3. **Only appear in person if you have been informed that Division 28 will conduct in person proceedings on the date your hearing is set.**
   To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours.
   You can access your case online on CaseNet at www.courts.mo.gov

**If you fail to appear at your scheduled Court hearing by one of the three methods above, a default judgment may be entered against you.**

To appear at the Webex hearing please follow the steps below:

Parties are required to appear in court on the date ordered physically if the courthouse is open for your specific proceeding or virtually using the below URL link and/or Audio Connection with the Meeting Number/Access Code 961 544 759

**URL:**
https://mocourts.webex.com/join/nicole.colbert-botchway

**Meeting Number:**
961 544 759

**Video Address:**
nicole.colbert-botchway@mocourts.webex.com

**Audio connection:**
United States Toll +1-408-418-9388

**Access code:**
961 544 759

## Additional Information For Self-Represented Litigants on Associate Circuit Civil Cases – Page 2

1. The **WebEx** app is free and available through all phone app stores, such as the Google Play store or iTunes. The call in number is a toll call.
2. At the time of your scheduled hearing, you should log into **Webex** or call in using the audio connection above.
3. If you have any questions, please call the **Division 28 court clerk at 314-613-3185**.
4. VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.
5. Until your next court date, please consider the following:

    - You can monitor the status of your case online on CaseNet at www.courts.mo.gov. Use the "Track this Case" feature to automatically receive emails or text messages about your case.

    - **Before coming to the courthouse,** please check the St. Louis City Circuit Court website at **www.stlcitycircuitcourt.com** to determine whether the courthouse will be open on the day of your scheduled court hearing.

    - To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours. Due to the increased volume of calls, court clerks may not be available at all times to answer questions via telephone.

    - You have the right to hire an attorney to represent you.

    - Attorneys must **mark and** e-file all documents.

    - If you are not represented by a lawyer, you may file answers or other pleadings with the court by mail, or **when the Court is open to the public** come in person to the St. Louis **City Circuit Clerk's office, 10 North Tucker, St. Louis, MO 63108.**

    - Parties are encouraged, but in no way required, to engage in settlement discussions regarding their cases. If a settlement is reached, a Consent Judgment resolving the case may be filed with the court. A consent judgement must be signed by all the parties and dated.

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| DANIELLE BOOTHBY-LESKY,<br><br>Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>Defendant. | Case No 2022-AC10188<br><br>Division        28 |

## NOTICE OF CHANGE OF ADDRESS

PLEASE TAKE NOTICE that the address of the undersigned and Ross & Voytas, LLC has changed to 2242 S. Brentwood Blvd., St. Louis, MO 63144. The remainder of the undersigned's contact information remains the same.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
2242 S Brentwood Blvd.
St. Louis, MO 63144
Phone: (314) 394-0605
Fax: (636) 333-1212

Attorney for Plaintiff

1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served by operation of the electronic filing system pursuant to Rule 103.08 and Court Operating Rule 27.01 this 1st day of December, 2020.

/s/ Richard A. Voytas, Jr.

Electronically Filed - City of St. Louis - December 01, 2020 - 03:56 PM

Electronically Filed - City of St. Louis - December 01, 2020 - 03:56 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI
## ASSOCIATE DIVISION

| | |
|---|---|
| DANIELLE BOOTHBY-LESKY, <br><br> Plaintiff, <br><br> v. <br><br> I.C. SYSTEM, INC., <br><br> Defendant. | Case No 2022-AC10188 <br><br> Division      28 |

### MOTION FOR CONTINUANCE

COMES NOW Plaintiff Danielle Boothby-Lesky, by and through her undersigned counsel, and requests this Court a continuance from a December 9, 2020 at 9:30 a.m. court date to a January 13, 2021, at 9:30 a.m. court date.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
2242 S Brentwood Blvd.
St. Louis, MO 63144
Phone: (314) 394-0605
Fax: (636) 333-1212

Attorney for Plaintiff

1

Electronically Filed - City of St. Louis - December 01, 2020 - 03:56 PM

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served by operation of the electronic filing system pursuant to Rule 103.08 and Court Operating Rule 27.01 this 1st day of December, 2020.

/s/ Richard A. Voytas, Jr.